UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANEESHA ALEXANDER AND | * | |
| REBECCA NICHOLS | * | CIVIL ACTION |
| | * | |
| VS | * | NO |
| | * | |
| MARK WOOD in his capacity as Sheriff | * | JURY TRIAL DEMANDED |
| of RAPIDES PARISH SHERIFF OFFICE | * | |
| and DEPUTY RODNEY ANDERSON | * | |

*************************************************************************

## PETITION FOR DAMAGES

NOW COMES Plaintiffs, LANEESHA ALEXANDER and REBECCA NICHOLS, complaining of Defendants, Deputy Rodney Anderson in his individual and official capacities and Sheriff Mark Wood in his official capacity as Sheriff of the Rapides Parish Sheriff Office seeking judgment in their favor for violations of their Decedent's Fourth Amendment rights under the United States Constitution and Louisiana State Law. In support thereof, Plaintiff avers as follows:

PARTIES
2.

Made Plaintiffs herein:

a) Laneesha Alexander, the biological daughter of the descendant, a person of full age and of majority, resident and domicile of Richmond, California, Contra Costa County.
b) Rebecca Nichols, the biological daughter of the descendant, a person of full age and of majority resident and domicile of Scroggins, Texas, Franklin County.

Made Defendants herein:
a) Defendant, Rodney Anderson, was at all relevant times, a duly appointed officer in the Rapides Parish Sheriff Office acting within the scope of his employment and under color of law. He is hereby sued in his individual and official capacity;

b) Defendant Sheriff Mark Wood in his was at all times relevant to this complaint the Sheriff of Rapides Parish Sheriff Office (RPSO), a person of full age of majority domiciled in Rapides Parish. He is sued in his official capacity;

## JURISDICTION AND VENUE

3.

Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought pursuant to 42 U.S.C. § 1983 to redress a deprivation of the Fourth Amendment rights of the decedent Derrick Kittling. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pending state law claims.

4.

Venue is proper in this Honorable Court as Defendants' constitutional violations and intentional torts and otherwise violative conduct occurred within the Western District of Louisiana.

## NATURE OF THE CASE

5.

Plaintiffs bring this matter before the court seeking damages for the tragic and unnecessary death of their decedent, Derrick Kittling. Mr. Kittling was fatally shot by police officer Rodney Anderson.

6.

The lethal force used against Mr. Kittling was unjustified, unreasonable, excessive, and in violation of Mr. Kittling's rights under the United States Constitution and the laws of the State of Louisiana.

7.

RPSO's failure to adequately train, supervise and discipline police personnel was a moving cause of the constitutional violations suffered by Mr. Kittling.

FACTS

8.

On November 6, 2022, Deputy Rodney Anderson shot and killed Derrick Kittling after a routine traffic stop in the city of Alexandria, Louisiana.

9.

Mr. Kittling was stopped in a residential neighborhood by Deputy Anderson for allegedly having illegal tint and a modified exhaust pipe on his personal truck.

10.

Upon exiting his vehicle, Mr. Kittling asked Deputy Anderson "why was he stopped."

11.

Instead of answering Mr. Kittling's question, Deputy Anderson aggressively and muffledly demanded Mr. Kittling to walk to the back of his truck; which Mr. Kittling eventually complied after realizing what Deputy Anderson was requesting.

12.

Once Mr. Kittling walked to the back of his truck, without provocation and probable cause, Deputy Anderson grabbed Mr. Kittling in an attempt to detain him.

13.

Mr. Kittling asked Deputy Anderson "what was his problem" and that "he (Mr. Kittling) doesn't fight."

14.

Mr. Kittling asks Deputy Anderson: "what I did," "what is wrong with you," "why are you grabbing on me, man" "why are you grabbing me bruh." When Deputy Anderson grabbed Mr. Kittling without his consent thus committing a battery upon Mr. Kittling, because Deputy Anderson's actions were not justified due to there being no reasonable suspicion to detain Mr. Kittling.

15.

Further, Deputy Anderson reached for his taser immediately after attempting to detain Mr. Kittling.

16.

Mr. Kittling was forced to defend himself against the unjustified use of force from Deputy Anderson.

17.

While attempting to prevent Deputy Anderson from unjustifiably tasing him, Mr. Kittling attempted to block the taser after Deputy Anderson deployed it.  The two men then fell to the ground and began to fight one another.

18.

 At some point, Mr. Kittling was on top of Deputy Anderson and shortly thereafter rolled off of him creating separation between the two.

19.

Deputy Anderson loses control of the taser and Mr. Kittling grabs the taser in effort to prevent Deputy Anderson from unjustifiably using the taser again on him.

20.

Mr. Kittling never pointed the taser towards Deputy Anderson.

21.

While Mr. Kittling is lying on the ground, Deputy Anderson (also on the ground) grabs department issued firearm and shoots Mr. Kittling in the head.  Mr. Kittling subsequently died as a result of Deputy Anderson's gunshot.

## FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF RPSO DEPUTIES

22.

Rapides Parish utilizes and employs its own sheriff department known as the Rapides Parish Sheriff Office (RPSO). The Sheriff at all relevant times before, during, and after this incident was Sheriff Mark Wood, making him the responsible decisionmaker and policymaker for the RPSO.

23.

The shooting, excessive force, misrepresentations, and illegal conduct sued upon herein occurred in the Parish of Rapides, and in the exclusive territorial jurisdiction of the RPSO.

24.

In Sheriff Wood's official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrests and preserving peace in the Parish of Rapides. Defendant Anderson was enforcing these policies, customs, practices.

25.

Additionally, Sheriff Wood is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of RPSO Deputies to ensure each officer was and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of deadly force.

26.

Based on the extreme misconduct of Defendant Anderson, and upon information and belief, Defendants Wood, did not properly train, supervise, and/or discipline Defendant Wood regarding proper police practices.

27.

Upon information and belief, in willful, reckless, and callous disregard to Mr. Kittling's life and rights under federal and state law, Defendant Wood and RPSO did not have a deadly use of force policy in place for the Parish of Rapides at all relevant times upon which deputies were sufficiently or adequately trained so as to know when deadly force is appropriate.

28.

Defendant Andrson's extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten—of the RPSO and the Parish of Rapides. Defendant Wood is liable of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train RPSO Officers;
2. Failing to reprimand and discipline RPSO Officers who engage in misconduct;
3. Failing to retrain and/or otherwise control RPSO Officers who engage in excessive force and/or unjustified shooting against civilians;
4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;
5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by RPSO Officers;

6. Failure to require and enforce RPSO deputies to accurately and timely report misconduct they are aware other RPSO deputies are conducting or have conducted;
7. Failing to retrain and otherwise control RPSO Officers who engage in excessive force and unjustified use of deadly force;
8. Tacitly approving of RPSO Officers using their power and position to interfere with other citizens' rights;
9. As a matter of both policy and practice the Parish of Rapides and the RPSO facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Parish agents, servants, and employees in its Sheriff Department.

29.

As a direct result and proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## WRONGFUL DEATH - LA C.C. Art. 2315.2.

30.

The Plaintiffs hereby bring a Wrongful Death claim pursuant to LA C.C. Art. 2315.2 31.

for the actions of Defendant Anderson caused the death of Derrick Kittling.

32.

Plaintiffs claim all available damages under the Louisiana Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contribution that the Plaintiff's decedent, Derrick Kittling, would have rendered but for his traumatic, untimely and unnatural death.

33.

Plaintiffs claim damages for payment for all medical expenses, funeral expenses, and burial expenses.

<u>SURVIVAL ACTION - LA C.C. Art. 2315.1</u>

34.

Plaintiffs hereby bring a Survival Action under the Louisiana Survival Statute, LA C.C. Art. 2315.1.

35.

Plaintiffs claim all damages recoverable under the Statute, including but not limited to, loss of income both past and future income potential, as well as, pain and suffering prior to death, and for emotional distress suffered by Derrick Kittling from the initiation of the attack upon him until the ultimate time of his death.

<u>42 U.S.C. § 1983 EXCESSIVE FORCE</u>
Plaintiffs v. Deputy Rodney Anderson

36.

The preceding paragraphs are incorporated by reference as though laid out fully herein.

37.

Deputy Anderson shot Derrick Kittling which caused him mental anguish, pain, agony and untimely death.

38.

Deputy Anderson's conduct was intentional, excessive, and objectively unreasonable.

39.

Deputy Andreson was acting under color of state law.

40.

Plaintiffs seek damages, including for the nature and extent of Decedent's injuries, predeath pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available damages available under the law.

41.

Plaintiffs request a trial by jury.

PRAYER FOR RELIEF

42.

Plaintiffs respectfully requests:
   a. Compensatory damages as to all Defendants;
   b. Special Damages as to all Defendants;
   c. Punitive damages as to Defendants Anderson and Wood,
   d. Reasonable attorneys' fees and costs as to all Defendants;
   e. Such other and further relief as may appear just and appropriate

WHEREFORE, the Plaintiffs, Laneesha Alexander and Rebecca Nichols demand a judgment in their favor, and against the Defendants including interest, delay damages, costs of suit, general and specific damages, including survival, wrongful death, punitive, and exemplary damages as provided by law.

RESPECTFULLY SUBMITTED:

/s/ Ronald S. Haley, Jr.
Ronald S. Haley, Jr. (#30900)
HALEY & ASSOCIATES
ATTORNEYS AT LAW, LLC
8211 Goodwood Blvd Suite E
Baton Rouge, LA 70806
225-663-8869 office
888-900-9771 facsimile
rhaley@ronaldhaleylawfirm.com
Attorney for the Plaintiffs